UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL C. PETERSON,

        Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                    Civil File No. 11-3641 (MJD/LIB)

CLAY COUNTY, GREGG S.
JENSEN, individually and in
his official capacity as Assistant
Clay County Attorney, and
DENNIS LIEN, individually and
in his capacity as former Director
of Clay County Human Services,

        Defendants.

Kenneth R. White, Law Office of Kenneth R. White, PC, Counsel for Plaintiff.

Jason M. Hively and Amanda L. Stubson, Iverson Reuvers Condon, Counsel for Defendants.

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment [Docket No. 12] and Plaintiff's Motion for Partial Summary Judgment [Docket No. 18]. Because prosecutorial immunity bars the federal claim against Defendant Gregg Jensen, the Court grants summary judgment on all federal

1

claims and remands the remaining state law claims to the District Court for the Seventh Judicial District, Clay County, Minnesota. Oral argument, originally set for Friday, March 8, 2013, is **CANCELLED**.

## II. BACKGROUND

Plaintiff Michael Peterson has brought a lawsuit against Defendants Gregg Jensen, Dennis Lien, and Clay County for their roles in his civil commitment in January 2000, in Clay County District Court. At that time, Jensen was the Assistant Clay County Attorney prosecuting Peterson on the charge of felon in possession of a firearm.

During a hearing before the Clay County District Court on January 24, 2000, Peterson admitted the elements of the felon in possession of a firearm charge but, pursuant to the plea agreement between the parties, was found not guilty due to mental illness. Also, pursuant to the plea agreement, Peterson agreed that he was mentally ill and dangerous to the public and was committed indeterminately to the St. Peter Regional Treatment Center.

In May 2010, the Clay County District Court granted Peterson's writ of habeas corpus. The court found numerous errors in the January 2000 civil commitment, including the fact that no petition seeking civil commitment was

ever filed and no qualified examiner opined that Peterson met the criteria for commitment as mentally ill and dangerous. The court concluded that Peterson could not validly consent to commitment as mentally ill and dangerous without the required medical evidence and that the committing court lacked jurisdiction over him for the purposes of civil commitment. The court ordered Peterson's immediate release from civil commitment. Clay County did not appeal.

On November 2011, Peterson initiated this action in Clay County District Court. The Complaint alleges Count 1: Violation of 42 U.S.C. § 1983 by Defendants; Count 2: State Constitutional Violation; Count 3: Failure to Ensure Compliance with State Law; Count 4: Kidnapping and False Imprisonment; and Count 5: Vicarious Liability Against Clay County. On December 19, 2011, Defendants removed this case to federal court based on federal question jurisdiction.

Defendants now move for summary judgment on all claims against them. In response to that motion, Peterson has agreed to the dismissal of his federal claims against Clay County and Lien, leaving only one federal claim, a § 1983 claim against Jensen. Peterson also separately moves for partial summary

judgment on liability as to Jenson on the federal claim and as to all Defendants based on the state law claims.

## III. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Celotex, 477 U.S. at 323. "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Amini v. City of Minneapolis, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986)).

### B. Absolute Prosecutorial Immunity

A state prosecutor enjoys absolute immunity from lawsuits based on acts performed "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the

4

presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

> Not all acts of a prosecutor are immunized, but the immunity does extend to cover all acts undertaken in the role of advocate in the judicial phase of criminal proceedings. This includes actions connected with initiation of prosecution, even if those actions are patently improper. The purpose of absolute immunity is to protect the function of the prosecutor as a key participant in the criminal process.

Williams v. Hartje, 827 F.2d 1203, 1208 (8th Cir. 1987) (citations omitted).

Absolute prosecutorial immunity "defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." Imbler, 424 U.S. at 419 n.13.

Peterson's § 1983 claim against Jensen is based entirely on Jensen's actions in his role as a prosecutor. Peterson alleges that Jensen allowed Peterson to be civilly committed in violation of his due process rights, without the procedures or evidence required for civil commitment. Jensen's role in civilly committing Peterson and in reaching and enforcing the plea bargain that resulted in that civil commitment constituted core prosecutorial functions, which are protected by absolute immunity. See Sebastian v. United States, 531 F.2d 900, 903 (8th Cir.

1976) (dismissing claim against prosecutor who prepared civil commitment petition); Dick v. Watonwan County, 551 F. Supp. 983, 992 (D. Minn. 1982) (holding that prosecutor's "initiation of civil commitment proceedings . . . is a prosecutorial function protected by absolute immunity"); see also Cady v. Arenac County, 574 F.3d 334, 341 (6th Cir. 2009) ("Conduct associated with plea bargains has long been held by this court to be so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.") (citations omitted); Smith v. Shorstein, 217 Fed. App'x 877, 880 (11th Cir. 2007) (finding absolute prosecutorial immunity for prosecutor's role in involuntary commitment); Elzey v. Roberts, Civil Action No. 09–CV–161–JMH, 2009 WL 1405210, at *2 (E.D. Ky. May 18, 2009) (holding absolute prosecutorial immunity applies to prosecutor's role in civil commitment proceedings). There is no indication of waiver of absolute immunity in this case. Thus, Defendants are entitled to summary judgment on Peterson's § 1983 claim against Jensen.

### C. Remand

Because Jensen is clearly entitled to absolute prosecutorial immunity on the federal claim against him and Peterson has agreed that the remaining federal

claims against Lien and Clay County must be dismissed, there are no remaining federal claims in this lawsuit.

"A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004) (quoting 28 U.S.C. § 1367(c)(3)). "The Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . .

Carnegie-Mellon Univ., 484 U.S. at 350 (footnote and citations omitted).

If the Court remands the case at this point in the litigation, it will not have invested substantial resources in the case. The only Court orders in this matter

have been scheduling orders. Additionally, remanding to state court will not require the parties to begin again. The record and discovery in this case will follow the parties back to state court, and this Court has made no decision on the merits of the remaining state law claims. Finally, there is no indication that Peterson "engaged in any manipulative tactics" in order to regain the state forum. Carnegie-Mellon Univ., 484 U.S. at 357. Based on these factors, the Court exercises its discretion to remand this matter to state court.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment [Docket No. 12] is **GRANTED IN PART** and **DENIED IN PART** as follows: all federal claims are **DISMISSED WITH PREJUDICE** and the Court declines to exercise jurisdiction to consider the remaining state law claims.

2. Plaintiff's Motion for Partial Summary Judgment [Docket No. 18] is **DENIED**.

3. This matter is **REMANDED** to the District Court for the Seventh Judicial District, Clay County, Minnesota.

Dated: March 1, 2013          s/ Michael J. Davis
                              Michael J. Davis
                              Chief Judge
                              United States District Court